IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN M. NEARY,                      )
                                    )
            Plaintiff,              )
                                    )
       v.                           ) Civil Action No. 06-100J
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

⊛AO 72
(Rev. 8/82)

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application[1] for supplemental security income on May 16, 2003, alleging a disability onset date of June 5, 1998 (subsequently amended by plaintiff at the hearing to January 12, 2004), due to obesity, heart disease, diabetes, a dislocated shoulder, left arm burns and high blood pressure. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on February 14, 2005, at which plaintiff, represented by counsel, appeared and testified. On July 28, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On March 10, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a

---

[1]. Plaintiff filed three prior applications for supplemental security income on September 16, 1998, on September 19, 2000, and on July 12, 2002. All three of those applications were denied initially at the administrative level and plaintiff took no further action on any of them.

- 2 -

high school equivalent education and past relevant work experience as a construction laborer, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of coronary artery disease, along with aortic valve disease, those impairments, alone or in combination with any plaintiff's non-severe impairments[2], do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the light exertional level but with certain restrictions recognizing the limiting effects of his impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including envelope sorter, ticket taker, intermittent traffic cashier and injection mold press operator. Relying on the vocational expert's

---

[2] The ALJ found that plaintiff's hypertension, diabetes, chronic obstructive pulmonary disease and history of obesity and history of a broken left arm are all non-severe impairments because none had more than a *de minimus* effect on plaintiff's ability to perform basic work duties.

testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises a number of challenges to the ALJ's findings. Specifically, plaintiff contends that: (1) the ALJ erred at step 2 in concluding that plaintiff's diabetes is not a severe impairment; (2) the ALJ failed to consider the impact of all of plaintiff's medical conditions, both severe and non-severe, in combination in determining plaintiff's residual functional capacity; (3) the ALJ improperly weighed the medical evidence by over-relying on the testimony of a reviewing physician; and, (4) the ALJ's finding that plaintiff retains the residual functional capacity to perform less than the full range of light work is not supported by substantial evidence. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 2 finding that his diabetes is a non-severe impairment. At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d

at 546.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, in this case, based on the medical record, there is no doubt that plaintiff's diabetes does not significantly limit plaintiff's ability to do basic work activities and, therefore, is an impairment which the ALJ properly determined to be non-severe. The record is devoid of any medical evidence that plaintiff's diabetes resulted in any sort of work-related limitations. Instead, the only indication in the record that plaintiff's diabetes resulted in any sort of limitations was plaintiff's subjective complaint to a consultative examiner that he was experiencing a burning sensation in his feet on occasion which required him to elevate his legs periodically throughout the day. However, plaintiff also acknowledged to that consultative examiner that he had never reported this symptom to any of his treating sources, and the medical record contains no neurological basis or clinical findings supporting plaintiff's allegations. Indeed, there is no objective evidence at all in the record suggesting that plaintiff's diabetes results in any complications whatsoever.[3]

---

[3] Likewise, the court finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

The ALJ adequately explained his step 2 rationale in his decision and his finding that plaintiff's diabetes is not severe is supported by substantial evidence. Moreover, it also is important to note that, although the ALJ found several of plaintiff's impairments, including diabetes, to be non-severe, he also found that plaintiff does suffer from numerous other severe impairments and, as a result, he did not deny plaintiff's claim for benefits at step 2. Instead, he considered the impact of all of plaintiff's medically determinable impairments, severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 5.

Accordingly, the court is satisfied not only that the ALJ's step 2 analysis is supported by substantial evidence, but also that the ALJ's finding that plaintiff's diabetes is not a severe impairment had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff next argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe. Specifically, plaintiff contends that the ALJ failed to consider a list of conditions set forth in a report from a consultative examiner, Dr. Pote, including obesity,

hypertension, hyperlipidemia, history of dislocated shoulder, a cartilage injury to the left knee, an ankle injury and numbness of the hands attributable to carpal tunnel syndrome. The court finds plaintiff's argument on this point unpersuasive.

First, contrary to plaintiff's contention, the list to which plaintiff refers is not a list of diagnoses nor a medical opinion but instead merely is a recitation of plaintiff's medical history as relayed to Dr. Pote by plaintiff himself. In this regard, Dr. Pote is not rendering a finding that plaintiff suffers from those listed conditions nor that plaintiff is limited by them.

In addition, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, although the record contains evidence that plaintiff was diagnosed with obesity and hypertension, the ALJ found those conditions to be not severe impairments which had no more than a de minimus effect on plaintiff's ability to work, and the record contains no objective evidence that obesity or hypertension had any effect on plaintiff's ability to perform substantial gainful activity.

Finally, a number of the conditions reported to Dr. Pote by plaintiff, including hyperlipidemia, an ankle injury, and a cartilage injury to the left knee, were never raised by plaintiff as disabling conditions, and there is no objective evidence in the record suggesting that any of these conditions or injuries had any

effect on plaintiff's ability to perform work. Likewise, although plaintiff reported numbness in his hands attributable to carpal tunnel syndrome, there is nothing in the record indicating that plaintiff suffers from that impairment.

The court has reviewed the record and is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all limitations arising from all of plaintiff's impairments, both severe and not severe, in combination and that the ALJ's assessment is supported by substantial evidence.

Plaintiff's next argument is that the ALJ improperly evaluated the medical evidence in finding plaintiff not disabled. Specifically, plaintiff contends that the ALJ erroneously relied on the opinion of a reviewing physician in determining plaintiff's residual functional capacity. The court is satisfied that the record supports the ALJ's evaluation of the medical evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Farqnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into

account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

In addition, pursuant to the Regulations, state agency reviewing physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's reliance on the reviewing physician's assessment. The ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. (R. 18-19). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's contention that a remand is necessary in this case because the reviewing physician did not review all of the evidence of record in rendering his opinion is without merit. As the Commissioner notes, the reviewing physician had access to and reviewed all of the <u>relevant</u> medical record in rendering his assessment, and the only medical evidence that was submitted afterward consisted of additional treatment notes showing no

significant complaints and improved symptoms. (R. 295-99). The court believes a remand to the ALJ solely to enable a reviewing physician to review records that would have no bearing on his assessment is unwarranted.

Plaintiff's final argument is that the ALJ's residual functional capacity finding that plaintiff retains the ability to perform less than the full range of light work is not supported by substantial evidence. Again, the court disagrees.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40. Here, the ALJ found that plaintiff has the following residual functional capacity:

> The claimant's ability to perform the full range of light work activity is limited by his inability to stand and walk more than four hours in an eight-hour day and his need to avoid more than occasional balancing, stooping, kneeling, crawling, crouching, bending and climbing.

(R. 21).

Here, the ALJ's residual functional capacity finding is supported by the medical evidence and is consistent with plaintiff's testimony as to his daily activities and self-reported

limitations. As already discussed, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence and incorporated into his finding those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901